[651 NYS2d 89]

In the Matter of EMILIA A. TEMS (Admitted as EMILIA AGWAMMA TEMS), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 9, 1996

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

*Gentile & Benjamin,* New York City *(Howard Benjamin* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The petition contains two charges of professional misconduct against the respondent. The Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has submitted an affidavit in which she requests that the court, in imposing discipline, permit her to continue to practice law.

Charge One alleged that the respondent has engaged in conduct that adversely reflects on her fitness to practice law by failing to comply with the lawful demands made by the Grievance Committee with its investigations into allegations of professional misconduct, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

The Grievance Committee is currently conducting three *sua sponte* investigations of the respondent based upon reports from the Lawyers' Fund for Client Protection of the State of New York that checks issued from the respondent's IOLA account in the sums of $150, $255, and $260 were returned due to insufficient funds. The respondent testified at an investigative appearance on November 15, 1993, with her testimony scheduled to continue on December 21, 1993. At the respondent's request, Grievance Counsel adjourned her investigative appearance to February 4, 1994. The respondent appeared *pro se* on the adjourned date and requested a further adjournment for the purpose of retaining counsel. The respondent was directed to inform the Grievance Committee by February 14, 1994, whether she had retained counsel. Grievance Counsel telephoned the respondent on February 15 and was apprised that she was meeting with two attorneys and would contact him within a few days. On February 22, Howard Benjamin advised Grievance Counsel that he would be meeting with the respondent and would inform the Grievance Committee when he had been retained.

Grievance Counsel sent the respondent a letter dated March 2, 1994, via facsimile (fax) and certified mail, directing her to immediately indicate whether she had retained counsel and to reschedule her examination. The letter further advised that failure to comply could result in a motion for the immediate suspension of the respondent.

The respondent advised Grievance Counsel that she had sent a check to Mr. Benjamin on March 3, 1994. Grievance Counsel

directed the respondent or her attorney to contact him by March 7, 1994. Mr. Benjamin informed Grievance Counsel on March 16, 1994 that he had been retained. The respondent's investigative appearance was scheduled to continue on May 13, 1994. During the respondent's testimony on May 13, Mr. Benjamin requested an adjournment and a copy of the transcripts of the respondent's prior testimony. Grievance Counsel provided a copy of the minutes and exhibits from the respondent's prior investigative appearance and the matter was again adjourned to June 6, 1994.

During the respondent's testimony on June 6, 1994, Mr. Benjamin offered to review the IOLA account records with the respondent from December 1992 to November 1993 and prepare an accounting of transactions during that period. The matter was adjourned to August 18, 1994, and Grievance Counsel provided the respondent with a copy of the minutes of the June 6 proceeding.

On August 15, the respondent's counsel informed Grievance Counsel that the respondent went to Africa on an emergency basis and that he received no answer when he telephoned her office. The respondent's investigative appearance was adjourned to September 28 and her time to submit the accounting of her IOLA account was extended to September 21. On September 21, Mr. Benjamin informed Grievance Counsel that he had completed the accounting but needed to review it with the respondent, who had cancelled her appointment and refused to answer Mr. Benjamin's calls. The respondent's time to submit an accounting was extended to September 28 and her investigative appearance to October 14. On September 28, Grievance Counsel telephoned Mr. Benjamin, who learned from the respondent's secretary that she was out sick on September 26. The respondent had not yet called him back.

By letter dated September 28, Grievance Counsel directed the respondent to submit the accounting by October 7, 1994, and to appear on October 14. The letter advised the respondent that her failure to timely produce the accounting or appear as scheduled could result in an application for her immediate suspension. On September 30, Mr. Benjamin advised Grievance Counsel that he had faxed a copy of the September 28 letter to the respondent but had yet to hear from her.

On October 7, 1994, Grievance Counsel received a letter from Mr. Benjamin indicating that the respondent had been ill for over three weeks after having her teeth extracted and requested a final extension concerning the accounting and dep-

osition. Grievance Counsel adjourned the respondent's investigative appearance to November 22 and her time to submit an accounting to October 31, contingent upon the respondent submitting a letter from her dentist or doctor detailing the nature of the physical condition which prevented her appearance and submission of the accounting.

On October 24, Grievance Counsel received a letter from Dr. Peter Nmaemeka stating that the respondent was partially incapacitated from September 16 to October 1, 1994. The respondent's counsel offered to provide Grievance Counsel with the records of the respondent's stay at Kings County Hospital. Grievance Counsel extended the respondent's time to submit the accounting and medical records to November 4 and unequivocally advised Mr. Benjamin that no further extensions would be granted and that the respondent's failure to reply could result in a motion for her immediate suspension.

At the respondent's request, Grievance Counsel provided copies of the records subpoenaed from the respondent's bank. On November 10, 1994, Grievance Counsel received an accounting of the respondent's IOLA account for the period November 1992 to June 1993. On November 15, 1994, Mr. Benjamin advised Grievance Counsel that the accounting for the remainder of the period in question and the respondent's medical records would be provided by November 21, 1994. The respondent's time to submit the balance of the accounting and her medical records was extended to November 28, 1994, and her investigative appearance was adjourned to December 6, based on Mr. Benjamin's actual engagement.

On November 29, 1994, Grievance Counsel telephoned Mr. Benjamin, who indicated that he needed to speak with the respondent before submitting the requested documentation. Although Mr. Benjamin had previously notified the respondent of the date of her investigative appearance, he received a fax from her indicating that she would be in Zurich from December 3 to December 15, 1994. The respondent intended to provide her counsel with the documents needed to complete the accounting before she left. In view of the respondent's persistent failure to submit pertinent material, the respondent's investigative appearance was adjourned to December 22 and her time to submit the balance of the accounting and her medical records to December 20. On December 20, Mr. Benjamin revealed that the respondent would return from Switzerland on December 22 and that he had still not received all of the records needed to complete the accounting. The respondent failed

to appear on December 22. On the record, her counsel was directed to have her appear on January 25, 1995, and to submit the balance of the accounting and her medical records by January 17. According to Grievance Counsel, no further adjournments would be granted and the respondent's continued failure to comply could result in her immediate suspension. This warning was confirmed by letter of December 22, 1994, sent via fax and regular mail.

On January 17, 1995, Grievance Counsel advised the respondent's counsel that no further extensions would be granted and that the respondent should submit the requested materials as soon as possible. Grievance Counsel received the respondent's accounting for the entire period on January 23, 1995. The respondent's counsel further represented that the respondent would produce her medical records at her January 25 investigative appearance.

On January 25, the respondent produced her dental records indicating her treatment at Kings County Hospital between September 1 and September 6 for extraction of teeth and treatment of infection. The respondent's investigative session was scheduled to continue on March 22, 1995. On March 21, Mr. Benjamin advised Grievance Counsel that the respondent had sustained injuries to her neck and back in a motor vehicle accident. The investigative appearance was adjourned to April 28, 1995, contingent upon the respondent's production of a doctor's letter.

The respondent appeared on April 28 without a doctor's letter. At the conclusion of the respondent's examination, her investigative appearance was scheduled to continue on May 19. The respondent was asked to provide copies of certain automatic teller machine (ATM) receipts by May 12. The respondent's investigative appearance was adjourned to May 22 based upon Mr. Benjamin's engagement in another matter.

On May 17, Grievance Counsel informed Mr. Benjamin that he had not received copies of the ATM receipts which were due on May 12. Mr. Benjamin revealed that he was experiencing a problem with the respondent and could not submit any documents until its resolution.

The respondent concluded her testimony on May 22 and produced many of the requested ATM receipts as well as a letter from Dr. Olumide Osala, indicating that the respondent was advised to have at least two weeks of bed rest after her motor vehicle accident. On May 22, 1995, Grievance Counsel directed the respondent to submit certain information and

documentation by July 10. A letter from Grievance Counsel, dated May 22, 1995, provided the respondent's counsel with copies of documents which were marked for identification at the respondent's investigative appearance and listed all materials to be produced by July 10. The respondent did not submit any of the requested material, which included an explanation for a negative balance reflected in a bank statement and copies of original bank records for her IOLA account.

By letter dated July 14, Grievance Counsel directed the respondent to submit the previously requested information and documentation by July 21 and unequivocally advised that her failure to comply could result in a motion for her immediate suspension. On July 17, the respondent's counsel informed Grievance Counsel that he had lost track of time. Consequently, the respondent's time to submit the requested materials was extended to July 28. Grievance Counsel unequivocally stated that he would recommend the respondent's suspension if materials were not received by July 28. The respondent did not submit any of the requested material.

On July 31, 1995, the Grievance Committee advised Mr. Benjamin that the Grievance Committee intended to move for the respondent's interim suspension based upon her failure to cooperate. Mr. Benjamin indicated that he sent Grievance Counsel's last correspondence to the respondent via Federal Express but did not receive a reply and was unable to contact the respondent via telephone.

Charge Two alleged that the respondent engaged in conduct prejudicial to the administration of justice by failing to comply with the lawful demands made by the Grievance Committee in connection with its investigations into allegations of professional misconduct, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Two is predicated upon the factual allegations set forth in Charge One.

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained both charges. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider her status as a solo practitioner, her lack of intent to thwart the Grievance Committee's investigation, and her depressed mental state. In view of her persistent failure to cooperate, the respondent is suspended from the practice of law for one year.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Emilia A. Tems, is suspended from the practice of law for a period of one year, commencing January 1, 1997, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during that period she refrained from practicing or attempting to practice law, (b) she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Emilia A. Tems, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.